**LJL 33RD STREET ASSOCIATES, LLC, Plaintiff–Counter– Defendant–Appellant,**

v.

**PITCAIRN PROPERTIES INC., Defendant–Counter– Claimant–Appellee.**

No. 14–4535–cv.

United States Court of Appeals, Second Circuit.

Nov. 2, 2015.

126

Eric F. Citron, Goldstein & Russell, P.C., Bethesda, MD; Theodore S. Steingut, Law Office of Theodore Seth Steingut, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Michael K. Coran (Diana L. Eisner, on the brief), Klehr Harrison Harvey Branzburg LLP, Philadelphia, PA, for Defendant–Counter–Claimant–Appellee.

PRESENT: ROBERT D. SACK, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

LJL 33rd Street Associates, LLC ("LJL") appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.) determining the purchase price of the property interest of Pitcairn Properties Inc. ("Pitcairn") in a high-rise luxury residential building. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

▮ In November 2010 LJL exercised its contractual option to purchase Pitcairn's ownership stake in the limited liability company (the "Company") that owns the building. After arbitration and substantial litigation,[1] LJL and Pitcairn disputed the calculation of the purchase price LJL must pay for Pitcairn's share of the Company pursuant to the operating agree-

---

1. *See LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184 (2d Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 2289, 189 L.Ed.2d 173 (2014).

ment between the parties. Based on our review of the operating agreement, we disagree with the District Court's resolution of one issue: whether Pitcairn's proportionate share of New York's real estate transfer tax should have been deducted from the calculation of the purchase price under section 6.12(c)(i) of the agreement.

Section 6.12(c)(i) operates purely as a pricing mechanism. It defines the purchase price as the "cash consideration" that Pitcairn would receive if the Company were sold by LJL and Pitcairn to a third party. In other words, setting the price for the actual sale of Pitcairn's share of the Company to LJL requires a calculation of the net proceeds of a hypothetical sale of the entire Company. Because it is undisputed that New York would have imposed a real estate transfer tax of 3.025 percent on the gross proceeds of such a hypothetical sale, we conclude that in calculating the purchase price the District Court should have deducted the amount of that tax apportioned to Pitcairn. We see nothing to the contrary in section 6.12(c)(iii)(C) of the operating agreement, which concerns liability for any taxes owed on the actual, completed sale of Pitcairn's 49.99 percent share of the Company, after the purchase price has been established. We therefore vacate the judgment in part and remand to the District Court with instructions to recalculate the purchase price by deducting the amount of the applicable proportionate New York real estate transfer tax.

LJL also challenges the District Court's interpretation, on summary judgment, of the Buy/Sell Transfer Date (defined in section 6.12(c)(iii) of the operating agreement) as unambiguously referring to the closing date. Assuming without deciding that the definition of the Buy/Sell Transfer Date is ambiguous, we affirm the District Court's interpretation of that term as a reasonable construction of the operating agreement, which the District Court reaffirmed following a three-day trial relating to the agreement and the purchase price.

The judgment is otherwise affirmed substantially for the reasons set forth in District Court's opinion dated August 18, 2014.

We have considered all of LJL's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part for recalculation of the purchase price consistent with this order.